UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, )<br>United States Department of Labor )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DAPPERS EAST, INC., a corporation, d/b/a )<br>DAPPERS; and MATHEW MANAVES, an )<br>individual, )<br>)<br>Defendants. ) | Case No.  1:08-cv-01047<br>Judge Charles P. Kocoras<br>Magistrate Judge Valdez |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT

The defendants Dappers East, Inc. and Mathew Manaves, by and through their attorneys, Tribler Orpett & Meyer, P.C., for their answer to plaintiff's complaint, state as follows:

### I

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act and 28 U.S.C. §1345.

**ANSWER:**   Defendants admit the allegations of paragraph I.

### II

**(A)**   Defendant, DAPPERS EAST, INC., is and, at all times hereinafter mentioned, was an Illinois corporation with an office and a place of business at 2901 W. Addison St., Chicago, Cook County, Illinois, within the jurisdiction of this Court, and is, and at all times hereinafter mentioned was engaged in the operation of a restaurant under the name and style of DAPPERS, and in the performance of related types of activities.

**ANSWER:**   Defendants admit the allegations of paragraph II (A).

**(B)** Defendant, MATHEW MANAVES, an individual, resides at 1129 Thomas More Terrace, Mt. Prospect, Cook County, Illinois, within the jurisdiction of this court, and at all times hereinafter mentioned, acted directly or indirectly in the interest of the corporate defendant in relation to its employees.

**ANSWER:** Defendants admit that Manaves resides at 1129 Thomas More Terrace, Mt. Prospect, Cook County, Illinois. The remainder of paragraph II(B) is unclear with regard to the phrase, "acted directly or indirectly in the interest of the corporate defendant in relation to its employees." The defendants therefore have no knowledge regarding that allegation and can neither admit nor deny it.

### III

Defendant DAPPERS EAST, INC., d/b/a DAPPERS, is and at all times hereinafter mentioned was engaged in related activities performed through unified operation or common control for a common business purpose, and is and at all times hereinafter mentioned was an enterprise within the meaning of section 3(r) of the Act.

**ANSWER:** Defendant Dappers East, Inc., d/b/a/ Dappers is a single company. The allegations of Paragraph III regarding related activities and unified operation do not apply to this defendant. The defendants therefore have no knowledge regarding the aforementioned allegations and can neither admit nor deny them.

### IV

Defendant DAPPERS EAST, INC., d/b/a DAPPERS, at all times hereinafter mentioned was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(l)(A) of the Act in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

**ANSWER:**   Defendants deny the allegations of paragraph IV.

## V

Defendants have repeatedly and willfully violated the provisions of sections 7 and 15(a)(2) of the Act, by employing many of their employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.

**ANSWER:**   Defendants deny the allegations of paragraph V.

## VI

Defendants, employers subject to the provisions of the Act, have repeatedly and willfully violated the provisions of sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to employees and the regular rates at which they were employed.

**ANSWER:**   Defendants deny the allegations of paragraph VI.

## VII

During the period since March 19, 2005, defendants have repeatedly and willfully violated the aforesaid provisions of the Act.  A judgment which enjoins and restrains such

violations and includes the restraint of any withholding of payment of unpaid overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act.

**ANSWER:**    Defendants deny that they have repeatedly and willfully violated the aforesaid provisions of the Act.  Defendants state that Section 17 of the Act speaks for itself and defendants are therefore without sufficient knowledge to admit or deny the remaining allegations of paragraph VII.

### AFFIRMATIVE DEFENSES

### I. Statute of Limitations

1. The statute of limitations governing a claim under the Fair Labor Standards Act ("FLSA") is two years.  28 U.S.C. §255.  If the violation was willful, the statute of limitations is three years pursuant to 29 U.S.C. §255(a).

2. Pursuant to 29 U.S.C. § 2617(c)(2), a willful violation exists where the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.

3. The defendants deny any violation of the FLSA.  Defendants further deny that their alleged violations were willful.

4. Accordingly, the two year statute of limitations applies to the present lawsuit which was filed on February 20, 2008.

### II. Individual Liability

1. Under the FLSA, a person is considered an employer and subject to individual liability only if two conditions are met.  The person must have had supervisory authority over the plaintiff and must have been at least partly responsible for the alleged violation.

2. Defendant Mathew Manaves did not have supervisory authority over the plaintiffs in the present matter and was in no way responsible for the alleged violation.

3. Having failed to meet the two requirements to qualify as an employer under the FLSA, Defendant Manaves has no individual liability for the alleged violations.

        Respectfully submitted,

        TRIBLER ORPETT & MEYER, P.C.

        By: s/ Jennifer H. Kay_____
            One of the attorneys for Defendants,
            Dappers East, Inc. and Mathew Manaves

Panos T. Topalis – 06202025
Jennifer H. Kay – 06226867
TRIBLER ORPETT & MEYER, P.C.
225 West Washington Street, Suite 1300
Chicago, Illinois 60606
(312) 201-6400
(312) 201-6401 (fax)

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the defendants' Answer and Affirmative Defenses to Plaintiff's Complaint served upon:

>Karen L. Mansfield
>United States Department of Labor
>Office of the Solicitor
>230 South Deaborn Street
>8th Floor
>Chicago, IL 60604
>mansfield.karen@dol.gov
>
>AUSA
>United States Attorney's Office (NDIL)
>219 South Dearborn Street
>Suite 500
>USAILN.ECFAUSA@usdoj.gov
>
>Leonard A. Grossman
>United States Department of Labor
>230 South Deaborn Street
>8th Floor
>Chicago, IL 60604
>grossman.leonard@dol.gov

service was accomplished pursuant to ECF as to Filing Users and complies with Fed. R. Civ. P. 5(a), LR 5.5 as to any party who is not a Filing User or represented by a Filing User by mailing a copy to the above-named attorney or party of record at the address listed above, from 225 W. Washington Street, Suite 1300, Chicago, IL 60606, prior to 5:00 p.m. on the 25th day of April, 2008, with proper postage prepaid.

                                                s/ Jennifer H. Kay
                                                _____
                                                an Attorney