UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HILDA L. SOLIS, Secretary of Labor,  :
United States Department of Labor,   :
                                     :
                    Plaintiff,       :
                                     :
        v.                           :   Case No. 1:08-cv-01047
                                     :   Judge Charles P. Kocoras
                                     :   Magistrate Judge Valdez
DAPPER'S EAST, INC., a Corporation,  :
Doing Business As DAPPER'S; and      :
MATHEW MANAVES, an Individual,       :
                                     :
                    Defendants.      :

## JUDGMENT

Plaintiff, **HILDA L. SOLIS**, Secretary of Labor, United States Department of Labor, having filed her complaint and defendants, **DAPPERS EAST, INC.**, and **MATTHEW MANAVES**, having appeared by counsel, having answered, and having been duly advised in the premises, agree to the entry of this judgment; now, therefore upon motion of attorneys for plaintiff and for cause shown,

**JUDGMENT IS HEREBY ENTERED** against defendants pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et seq.*, hereinafter called the Act, as follows:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, pursuant to section 17 of the Act, that the defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners:

(a) Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rates at which he is employed.

(b) Defendants shall not fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 CFR Part 516.

(c) Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the defendants or to someone else for the defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee

under the provisions of this judgment or the Act; nor shall defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the defendants under the provisions of this judgment or the Act.

## II

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the Act, in favor of the plaintiff and against the defendants in the total amount of **$30,000.00.**

(a) Defendants shall pay to the plaintiff the sum of **$20,000.00** which represents the unpaid overtime compensation hereby found to be due, for the periods set forth on Exhibit A for the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

(b) Defendants shall further pay to plaintiff as liquidated damages the additional sum of **$10,000.00** hereby found to be due, for the periods set forth on Exhibit A for the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

(c)     The monetary provisions of this judgment shall be deemed satisfied, upon defendants' delivery to the plaintiff's representative of a certified or cashier's check in the gross amount of $30.000.00 made payable to the "United States Department of Labor, Employment Standards Administration, Wage-Hour Division." The certified or cashier's check shall be sent to the Office of the Solicitor, United States Department of Labor, 230 S. Dearborn Street, 8th Floor, Chicago, IL  60604 together with the signed copies of this Judgment.


(d)   Defendants shall also submit together with the foregoing check a schedule showing the name, last known address and social security number for each person set forth on Exhibit A hereof.


### III

Plaintiff will distribute the amounts referred to in Paragraphs II(a) & II(b) hereof, or the proceeds thereof, to the persons named in Exhibit A attached hereto, less applicable deductions, for employees' share of FICA and Federal withholding taxes (defendants shall be responsible for the employer's share of FICA taxes) or to their estates, if that be necessary.  Any amounts of overtime compensation or liquidated damages not so paid within a period of three (3) years from the date of receipt thereof shall be covered into the Treasury of the United States as miscellaneous receipts pursuant to section 16(c) of the Act.

FURTHER, it is agreed by the parties herein and hereby **ORDERED** that each party bear its/his own fees and other expenses incurred by such party in connection with any stage of this proceeding to date.

DATED this _____ day of _____ 2009.

_____
**UNITED STATES DISTRICT COURT JUDGE**

Defendants hereby consent
to the entry of this judgment
this _14_ day of _July_, 2009.

**DAPPERS EAST, INC.**, defendant

by _Mathew Manaves_
Its _President_

_Matthew Manaves_
**MATTHEW MANAVES**, defendant

_/s/ Panos T. Topalis_
**PANOS T. TOPALIS, Esq.**
Attorney for defendants
Tribler Orpett & Meyer, P.C.
225 West Washington Street
Suite 1300
Chicago, Illinois 60606
(312) 201-6422

**CAROL A. DeDEO**
Deputy Solicitor of Labor for
National Operations

**JOAN E. GESTRIN**
Regional Solicitor

_____
**LEONARD A. GROSSMAN**
 Attorney
Attorneys for **HILDA L. SOLIS**

Secretary of Labor, United States
Department of Labor, Plaintiff

Office of the Solicitor
230 S. Dearborn, Suite 844
Chicago, IL 60604
(312)454-5709